```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JOSE AVILE,                                :

                    Plaintiff,             :      07 Civ. 2987 (WHP)

        -against-                          :      MEMORANDUM AND ORDER

LAWRENCE K. FEITELL,                       :

                    Defendant.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
```

WILLIAM H. PAULEY III, District Judge:

Plaintiff pro se Jose Avile ("Avile") brings this action against Defendant Lawrence K. Feitell ("Feitell") asserting violations of his federal civil rights, a claim under the False Claims Act, 31 U.S.C. § 3730, and supplemental claims of fraud and legal malpractice. Feitell moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Feitell's motion is granted.

BACKGROUND

For the purposes of this motion, the Court accepts the following allegations as true. On September 13, 2005, a grand jury indicted Avile on charges of possession and conspiracy to possess and distribute heroin. United States v. Avile, No. 05 Cr. 953-5 (RMB) (indictment filed Sept. 13, 2005). The indictment was amended on October 31, 2006, to include a charge of possession and use of a firearm in relation to a drug trafficking crime. Avile, No. 05 Cr. 953-5 (RMB) (indictment filed Oct. 31, 2006). Prior to receiving court-appointed counsel, Avile filed a pro se motion to dismiss the firearm count as untimely. (Compl. ¶ 4.) On March 7,

1

2007, the court appointed Feitell to represent Avile. (Compl. ¶ 1.) Feitell declined to adopt Avile's pro se motion, believing it to be frivolous. (Compl. ¶ 4.) Feitell advised Avile to plead guilty. (Compl. ¶ 4.) Avile filed this action on April 13, 2007. Feitell was relieved as counsel on May 3, 2007. (Avile, No. 05 Cr. 953-5 (RMB), Minute Entry.) Avile pled guilty to all counts on June 22, 2007. (Avile, No. 05 Cr. 953-5 (RMB), Minute Entry.)

## DISCUSSION

I. Motion to Dismiss

On a motion to dismiss, this Court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). Nonetheless, "[i]n order to withstand a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'" Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (citations omitted). A court's "consideration [on a motion to dismiss] is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).

The pleading standards for a pro se litigant are less stringent than those that would be expected of counsel, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest,'" Triestman v. Fed.

Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)). Nevertheless, the Court does not have to accept as true "conclusions of law or unwarranted deductions of fact." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (citations omitted).

II. Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant acting under color of state law deprived him of his rights. Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982)). "[C]ourt-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." Rodriguez, 116 F.3d at 65-66. Feitell was Avile's court-appointed attorney and represented Avile in the criminal action. Accordingly, Feitell was not acting "under color of state law," and Avile has failed to state a claim under § 1983.

III. Section 1985

To state a claim under 42 U.S.C. § 1985, a plaintiff must allege that a conspiracy motivated by a class-based discriminatory animus existed to deprive him of his rights. See Griffin v. Breckenridge, 403 U.S. 88, 101-03 (1971); Johnson v. Wash. Mut. Bank, F.A., 216 Fed. App'x 64, 66 (2d Cir. 2007). A conspiracy requires an agreement among two or more people. Reitmeister v. Reitmeister, 162 F.2d 691, 696 (2d Cir. 1947). Avile's allegations concern the actions of only one person—Feitell. Additionally, the complaint contains no allegations of discriminatory animus. Accordingly, Avile's § 1985 claim is dismissed.

IV. <u>False Claims Act</u>

The False Claims Act requires, <u>inter alia</u>, that a private citizen file a claim in the name of the government and serve the government pursuant to Fed. R. Civ. P. 4. 31 U.S.C. § 3730(b); <u>United States ex rel. Pilon v. Martin Marietta Corp.</u>, 60 F.3d 995, 999-1000 (2d Cir. 1995) (dismissing action for failure to provide notice to the government). Avile did not follow these procedures in filing this action. Accordingly, to the extent the complaint attempts to state a False Claims Act claim, it is dismissed.

V. <u>Legal Malpractice</u>

In New York, to state a claim of legal malpractice, a plaintiff in a criminal case must allege a colorable claim of innocence of the underlying offense. <u>Carmel v. Lunney</u>, 511 N.E.2d 1126, 1128 (N.Y. 1987); <u>Abuhouran v. Lans</u>, No. 06-2857, 2008 WL 739903, at *1 (2d Cir. Mar. 18, 2008). Having pled guilty to the underlying crime, Avile cannot state a malpractice claim.

VI. <u>Fraud</u>

For fraud allegations "[t]o satisfy the particularity requirement of Rule 9(b), a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." <u>Cosmas v. Hassett</u>, 886 F.2d 8, 11 (2d Cir. 1989). The complaint must also allege circumstances giving rise to a strong inference that defendant knew the statements to be false, and intended to

defraud the plaintiff. Werner v. Satterlee, Stephens, Burke & Burke, 797 F. Supp. 1196, 1207 (S.D.N.Y. 1992). The complaint in this action alleges neither any specific misleading statements, nor any circumstances raising an inference of Feitell's intent to defraud. Accordingly, to the extent the complaint attempts to state a fraud claim, it is dismissed.

VII. New York Code of Professional Responsibility

There is no private cause of action for violations of the New York Code of Professional Responsibility. Daniel v. Safir, 135 F. Supp. 2d 367, 377 (E.D.N.Y. 2001) (citing Kantor v. Bernstein, 640 N.Y.S.2d 40, 42 (N.Y. App. Div. 1996)). Accordingly, this claim is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Lawrence K. Feitell's motion to dismiss is granted. The Clerk of Court is directed to terminate any motions pending as of May 20, 2008 and mark this case closed.

Dated:   May 20, 2008
         New York, New York

                              SO ORDERED:

                              _____
                              WILLIAM H. PAULEY III
                              U.S.D.J.

*Copies mailed to:*

Mr. Jose Avile
Reg. # 58138-054
MCC
150 Park Row
New York, NY 10007
*Plaintiff <u>Pro</u> <u>Se</u>*

Irving Cohen, Esq.
Irving Cohen, Attorney-At-Law
233 Broadway
Suite 2701
New York, NY 10279
*Counsel for Defendant*